# Exhibit 1

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Tuesday, March 25, 2014 10:11 AM
**To:** Karen Savignac
**Subject:** Notice of Service of Process - Transmittal Number: 12340759

# Corporation Service Company ®

## NOTICE OF SERVICE OF PROCESS

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | G4S Secure Solutions (USA) Inc. |
| **Entity I.D. Number:** | 0514713 |
| **Entity Served:** | G4S Secure Solutions (USA), Inc. |
| **Title of Action:** | Thomas P. Buran vs. G4S Secure Solutions (USA), Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Milwaukee County Circuit Court, Wisconsin |
| **Case/Reference No:** | 14CV002291 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 03/24/2014 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
William F. Sulton
414-278-8800

**Primary Contact:**
Karen Savignac
G4S Companies

**Copy of transmittal only provided to:**
Jackie Stankard

Carmelo Sanjuan

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

2711 Centerville Road  Wilmington, DE 19808
(888) 690-2882  |  sop@cscinfo.com

This company is part of the G4S group of companies. This communication contains information which may be confidential, personal and/or privileged. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s), please note that any distribution, forwarding, copying or use of this communication or the information in it is strictly prohibited. Any personal views expressed in this e-mail are those of the individual sender and the Company does not endorse or accept responsibility for them. Prior to taking any action based upon this e-mail message, you should seek appropriate confirmation of its authenticity. This message has been checked for viruses on behalf of the Company.

# Exhibit 2

STATE OF WISCONSIN　　　CIRCUIT COURT　　　MILWAUKEE COUNTY

14CV002291

THOMAS P. BURAN,
3241 E Denton Avenue
St. Francis, WI 53235,

　　　　Plaintiff,　　　　　　　　Case No. _____

v.

G4S SECURE SOLUTIONS (USA), INC.,
1395 University Boulevard
Jupiter, FL 33458-5289,

**HON. JANE CARROLL, BR. 39**

　　　　Defendant.

**CIVIL K**

---

**SUMMONS**

FILED AND AUTHENTICATED

MAR 18 2014

John Barrett
Clerk of Circuit Court

THE STATE OF WISCONSIN

TO:　CSC-Lawyers Incorporating Service Company
　　　Registered Agent for G4S Secure Solutions (USA), Inc.
　　　8040 Excelsior Dr Ste 400
　　　Madison, WI 53717

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Clerk of Circuit Court, Milwaukee County Courthouse, 901 North 9th Street, Milwaukee, Wisconsin 53233, and to Peterson, Johnson & Murray, S.C., plaintiff's attorneys, whose address is 788 North Jefferson Street, Suite 500, Milwaukee, Wisconsin, 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 13th day of March, 2014.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Plaintiff

/s/ William F. Sulton

William F. Sulton
State Bar No. 1070600
788 N Jefferson St Ste 500
Milwaukee, WI 53202-3763
Phone: (414) 278-8800
Fax: (414) 278-0920
wsulton@pjmlaw.com

STATE OF WISCONSIN　　　CIRCUIT COURT　　　MILWAUKEE COUNTY

THOMAS P. BURAN,
3241 E Denton Avenue
St. Francis, WI 53235,



    Plaintiff,

Case No. _____

v.

G4S SECURE SOLUTIONS (USA), INC.,
1395 University Boulevard
Jupiter, FL 33458-5289,

    Defendant.

FILED AND AUTHENTICATED

MAR 1 8 2014

JOHN BARRETT
Clerk of Circuit Court

## COMPLAINT

COMES NOW Plaintiff Thomas P. Buran, by his attorneys, Peterson, Johnson & Murray, S.C., and files this complaint against Defendant G4S Secure Solutions (USA), Inc.

### INTRODUCTION

1. This civil action seeks money damages for discrimination on the basis of disability under 42 U.S.C. §§12101-12213. This civil action also seeks money damages for retaliation for complaining about disability discrimination under 42 U.S.C. §12203. This civil action further seeks money damages for false or misleading statements made to credit reporting agencies under Wisconsin common law.

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to Wis. Stat. §801.05.
3. Venue in this court is proper pursuant to Wis. Stat. §801.50.

## THE PARTIES

4. Plaintiff Thomas P. Buran (Buran) is an adult residing at 3241 East Denton Avenue in St. Francis, Wisconsin. He worked for G4S Secure Solutions (USA), Inc. in Milwaukee County, Wisconsin.

5. Defendant G4S Secure Solutions (USA), Inc. (Secure Solutions) is a Florida corporation located at 1395 University Boulevard in Jupiter, Florida. Secure Solutions's registered agent in Wisconsin is CSC-Lawyers Incorporating Service Company, which is located at 8040 Excelsior Drive, Suite 400, in Madison, Wisconsin.

## FACTUAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

6. Mr. Buran has multiple sclerosis (MS) and syringomyelia, which are disabilities under 42 U.S.C. §§12102(1).

7. MS is a debilitating disease that affects the brain and spinal cord: the body's immune system eats away at the protective sheath (myelin) that covers nerves; damage to myelin causes interference in the communication with the brain, spinal cord and other areas. Early MS symptoms include weakness, tingling, numbness and blurred vision. Other signs are muscle stiffness, thinking problems and urinary problems. MS has no cure and deterioration of the nerves is not reversible. Treatment may, however, manage symptoms and reduce or delay the disease's progression.

8. Syringomyelia is the development of a fluid-filled cyst (syrinx) within the spinal cord. Over time, the cyst enlarges, damaging the spinal cord and causing pain, weakness and stiffness, among other symptoms.

9. In or about March 2010, Mr. Buran was rehired at Secure Solutions as a security officer.

10. In or about May 2013, Mr. Buran requested reasonable accommodation for his disabilities.

11. On or about May 30, 2013, Mr. Buran provided Secure Solutions with a letter from a doctor advising that Mr. Buran suffers from MS and syringomyelia, has weakness and numbness in his lower extremities; cramping and stiffness; uses a cane to ambulate; and experiences a great deal of fatigue.

12. On or about July 25, 2013, Secure Solutions fired Mr. Buran over the telephone because of a misperceived notion that Mr. Buran could not perform the job duties that he had been performing for more than three years.

13. Secure Solutions made no attempt to accommodate Mr. Buran's reasonable requests for accommodation.

14. On or about August 14, 2013, Mike Grabek of Secure Solutions sent a message to Equifax in which Mr. Grabek stated that "Buran stated he could not fill a FT 40 hour shift standing, and even a pt all sitting position would be problematic."

15. At the time Mr. Grabek sent the message, he knew or should have known that it was false.

16.

## FIRST CAUSE OF ACTION: DISCRIMINATION AND REFUSAL TO ACCOMODATE UNDER 29 42 U.S.C. §§12112, 12132 AND 12141-12189

17. Mr. Buran incorporates here all previous paragraphs.

18. 42 U.S.C. §12102(1)(a) defines a disability as a physical or mental impairment that substantially limits one or more major life activities. MS and syringomyelia are disabilities.

19. Mr. Buran also has a record of MS and syringomyelia; and Secure Solutions regarded Mr. Buran has having MS and syringomyelia.

20. 42 U.S.C. §§12112(a), 12132 and 12141-12189 prohibits Secure Solutions from discriminating against Mr. Buran on the basis of his disabilities.

21. Secure Solutions discriminated against Mr. Buran by firing him because of his disabilities.

22. 42 U.S.C. §§2112(b)(5)(A) and (B) also requires that Secure Solutions provide reasonable accommodation to Mr. Buran for his disabilities.

23. Secure Solutions refused or failed to reasonably accommodate Mr. Buran's disabilities—ultimately firing him because he made requests for accommodation.

24. Mr. Buran requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION: RETALIATION
### UNDER 42 U.S.C. §12203

25. Mr. Buran incorporates here all previous paragraphs.

26. 42 U.S.C. §12203 prohibits Secure Solutions from retaliating against Mr. Buran for complaining about discrimination or a refusal or failure to accommodate his disability.

27. Secure Solutions retaliated against Mr. Buran by firing him because he complained about Secure Solutions's refusal and failure to accommodate his disabilities.

28. Secure Solutions also retaliated against Mr. Buran by making false and misleading statements to credit reporting agencies that have impaired his access to credit.

29. Mr. Buran requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION: MISREPRESENTATION, INTERFERENCE WITH
### ACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS
### AND SLANDER OR LIBEL UNDER WISCONSIN COMMON LAW

30. Mr. Buran incorporates here all previous paragraphs.

31. Secure Solutions's statements to credit report agencies that Mr. Buran quit his job were unprivileged and knowingly false. (In the alternative, Secure Solutions should have known that its statements were false and was negligent in making the statements.)

32. Secure Solutions's statements to credit report agencies were also slanderous or libelous.

33. Secure Solutions's statements have impaired Mr. Buran's access to credit and have also interfered with the terms and conditions of actual and prospective contractual relationships.

34. Secure Solutions's statements have also damaged Mr. Buran's employment prospects, as prospective employers view Secure Solutions's statements negatively.

35. Mr. Buran requests relief as hereinafter provided.

## RELIEF REQUESTED

WHEREFORE, Mr. Buran respectfully requests that the court enter judgment for him on his complaint against Secure Solutions and provide the following relief:

A. A declaration that Secure Solutions discriminated against Mr. Buran because of his disabilities in violation of 42 U.S.C. §§12112(a), 12132 and 12141-12189.

B. A declaration that Secure Solutions did not provide reasonable accommodation for Mr. Buran's disabilities in violation of 42 U.S.C. §§2112(b)(5)(A) and (B).

C. A declaration that Secure Solutions retaliated against Mr. Buran because he complained about discrimination and the refusal or failure to accommodate his disabilities in violation of 42 U.S.C. §12203.

D. A declaration that Secure Solutions made false or misleading statements to credit reporting agencies that have impaired Mr. Buran's access to credit,

interfered with actual and prospective contracts, and interfered with prospective employment opportunities.

E. An order and judgment awarding damages for lost wages and benefits, front pay, emotional distress, punitive damages and attorney's fees and costs pursuant to 42 U.S.C. §§12117(a) and 1981a(a)(1), (a)(2) and (b) and 1988.

F. An order and judgment awarding damages for the loss of credit, interference with actual and prospective contractual relationships and lost employment opportunities caused by Secure Solutions false or misleading statements to credit reporting agencies.

G. An order and judgment for other legal and equitable relief as determined by the court.

## DEMAND FOR JURY TRIAL

Mr. Buran hereby requests a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Respectfully submitted this 13th day of March, 2014.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Plaintiff

/s/ William F. Sulton

William F. Sulton
State Bar No. 1070600
788 N Jefferson St Ste 500
Milwaukee, WI 53202-3763
Phone: (414) 278-8800
Fax: (414) 278-0920
wsulton@pjmlaw.com

# Exhibit 3

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY
Branch 29

THOMAS P. BURAN

    Plaintiff,    Case No. 14CV002291

v.

G4S SECURE SOLUTIONS (USA), INC.

    Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 USC § 1446(a), Defendant G4S Secure Solutions (USA), Inc. filed a Notice of Removal ("Notice") in the United States District Court for the Eastern District of Wisconsin, on April 21, 2014. A copy of the Notice is attached as Exhibit 1. The filing of this copy of the Notice effects removal of this case, and, pursuant to 28 USC § 1446(d), "the State court shall proceed no further unless and unitl the case is remanded."

DATED: April 21, 2014

JACKSON LEWIS P.C.

By: _____
Brian A. Price, Esq. (SBN 1000862)
E-mail: Brian.Price@jacksonlews.com
330 E. Kilbourn Avenue, Ste. 560
Milwaukee, WI 53202
Phone (414) 944-8900
Fax (414) 944-8901

4816-6308-4570, v. 1