IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THOMAS P. BURAN,

    Plaintiff,

v.                                                                             Case No. 2:14-cv-00456-PP

G4S SECURE SOLUTIONS (USA),
INC.,

    Defendant.

## FIRST AMENDED COMPLAINT
## BY PLAINTIFF THOMAS P. BURAN

Before

The Honorable Pamela Pepper
U.S. District Court Judge

For the Plaintiff

William F. Sulton, Esq.

PETERSON, JOHNSON & MURRAY, S.C.
788 North Jefferson Street Suite 500
Milwaukee, Wisconsin 53202-3763
Telephone: 414-278-0920
Facsimile: 414-278-0920
Email: wsulton@pjmlaw.com

Date: June 5, 2015.

COMES NOW Plaintiff Thomas P. Buran, by his attorneys, Peterson, Johnson & Murray, S.C., and files this amended complaint against Defendant G4S Secure Solutions (USA), Inc.

## INTRODUCTION

1. This civil action seeks money damages for discrimination on the basis of disability under 42 U.S.C. §§12101-12213.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§1331 and 1343(a)(4) and 42 U.S.C. §§2000e-5(f)(3) and 12117(a).

3. This court has jurisdiction under 42 U.S.C. §2000e-5(f)(1)(A) because Mr. Buran filed his first complaint in the Circuit Court for Milwaukee County, Wisconsin, within 90 days of issuance of the right to sue letter issued by the U.S. Equal Employment Opportunity Commission.

4. Venue in this court is proper under 28 U.S.C. §1391(b)(2).

## THE PARTIES

5. Plaintiff Thomas P. Buran (Buran) is an adult residing at 3241 East Denton Avenue in St. Francis, Wisconsin.

6. Mr. Buran worked for G4S Secure Solutions (USA), Inc. in Milwaukee County, Wisconsin.

7. Defendant G4S Secure Solutions (USA), Inc. is a Florida corporation located at 1395 University Boulevard in Jupiter, Florida.

8. Defendant's registered agent in Wisconsin is CSC-Lawyers Incorporating Service Company, which is located at 8040 Excelsior Drive, Suite 400, in Madison, Wisconsin.

## FACTUAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

9. Mr. Buran has multiple sclerosis (MS) and syringomyelia.

10. MS is a debilitating disease that affects the brain and spinal cord: the body's immune system eats away at the protective sheath (myelin) that covers nerves; damage to myelin causes interference with communication in the brain, spinal cord and other areas.

11. Early MS symptoms include weakness, tingling, numbness and blurred vision.

12. Other signs of MS are muscle stiffness, thinking problems and urinary problems.

13. MS has no cure and deterioration of the nerves is irreversible.

14. Treatment may, however, manage symptoms of MS and reduce or delay the disease's progression.

15. Syringomyelia is the development of a fluid-filled cyst (syrinx) within the spinal cord.

16. Over time, the cyst enlarges, damaging the spinal cord and causing pain, weakness and stiffness, among other symptoms.

17. In or about March 2010, Mr. Buran was rehired by defendant as a security officer.

18. In or about May 2013, Mr. Buran's supervisor, Thomas Kriefall (Kreifall), asked Mr. Buran to work overtime.

19. Mr. Buran told Mr. Kriefall that that he has MS and other conditions and could not work overtime at that time because he was going through a bad cycle with the physical impairments caused by MS and other conditions.

20. Defendant, by Mr. Kriefall, denied Mr. Buran's request for reasonable accommodation.

21. On or about May 31, 2013, Mr. Buran mailed a letter from his treating doctor to defendant's office in Milwaukee that states, in part:

> Please be advised the above named individual is my patient who is seen in my clinic for the diagnosis of Multiple Sclerosis and Syringomyelia. Because of his complex diagnoses he unable to perform any overtime work or duties. He continues to have weakness and numbness in the lower extremities more than the uppers. He still continues to have cramping in the muscles and stiffness in the lower extremities and uses a cane to ambulate. He also experiences a great deal of fatigue.

22. In or about the week of June 3, 2013, Mr. Buran presented Mr. Kriefall with the treating doctor's letter and informed Mr. Kriefall that he mailed the letter to defendant's Milwaukee office.

23. Mr. Kriefall told Mr. Buran that he would be fired if did not withdraw his request for reasonable accommodation.

24. Mr. Buran worked the requested overtime, which was the only time that Mr. Buran was asked to work overtime.

25. On or about July 23, 2013, Mr. Buran called in sick.

26. Mr. Buran was told to meet with the account manager, Nickolas Bertrand (Bertrand), on July 24, 2013.

27. On July 24, 2013, Mr. Buran met with Mr. Bertrand.

28. During the meeting, Mr. Bertrand mentioned the treating doctor's letter that Mr. Buran mailed to defendant's Milwaukee office on May 31, 2013, and told Mr. Buran to resign.

29. Mr. Buran refused to resign and Mr. Bertrand told Mr. Buran to telephone the human resources manager, Kelly Tebbs (Tebbs), on July 25, 2013.

30. On July 25, 2013, Mr. Buran telephoned Ms. Tebbs.

31. During the telephone conversation, Ms. Tebbs told Mr. Buran that she was terminating him because he had a permanent, progressive disability.

32. After the telephone call, Mr. Buran arrived at Ms. Tebbs' office to turn in his uniform.

33. Ms. Tebbs handed Mr. Buran a document titled "personnel action change," which states in part:

> Buran supplied medical excuse with restriction that disqualify him for any position we have available now or in the future. Terminated over the phone by Kelly Tebbs on 7/25/2013.

34. The "medical excuse" referenced in Ms. Tebbs' statement is the treating doctor's letter that Mr. Buran mailed to defendant's

Milwaukee office on May 31, 2013, and presented to Mr. Kriefall during the week of June 3, 2013.

35. Defendant, by Ms. Tebbs, fired Mr. Buran because of his disabilities and because of a misperceived notion that Mr. Buran could not perform the job duties that he had been performing for more than three years.

### CAUSES OF ACTION: DISCRIMINATION AND REFUSAL TO ACCOMMODATE REASONABLE REQUESTS UNDER 29 42 U.S.C. §§12112, 12132 AND 12141-12189

36. Mr. Buran incorporates here all previous paragraphs.

37. 42 U.S.C. §12102(1)(A) defines a disability as a physical or mental impairment that substantially limits one or more major life activities.

38. MS and syringomyelia are disabilities under 42 U.S.C. §12102(1)(A).

39. 42 U.S.C. §12012(1)(B) also defines a disability as a record of a physical or mental impairment that substantially limits one or ore major life activities.

40. Mr. Buran has a record of MS and syringomyelia.

41. 42 U.S.C. §§12102(1)(C) and (3)(A) also define a disability as being regarded as having a physical or mental impairment that substantially limits one or more major life activities.

42. Ms. Tebbs knew and regarded Mr. Buran as having physical impairments that substantially limits one or more major life activities.

43. 42 U.S.C. §§12112(a), 12132 and 12141-12189 prohibits defendant from discriminating against Mr. Buran on the basis of his disabilities.

*Plaintiff's First Amended Complaint* [6 / 9]
Case 2:14-cv-00456-PP   Filed 06/08/15   Page 6 of 9   Document 38

44. Defendant, by Ms. Tebbs, discriminated against Mr. Buran by firing him because of his disabilities and because of a misperceived notion that Mr. Buran could not perform the job duties that he had been performing.

45. 42 U.S.C. §§2112(b)(5)(A) and (B) also requires that defendant provide reasonable accommodation to Mr. Buran for his disabilities.

46. Defendant, by Mr. Kriefall, refused or failed to reasonably accommodate Mr. Buran's disabilities by requiring that he work overtime hours—even though overtime was not a requirement of the job.

47. Mr. Buran requests relief as hereinafter provided.

## RELIEF REQUESTED

WHEREFORE, Mr. Buran respectfully requests that the court enter judgment for him on his complaint against defendant and provide the following relief:

A. A declaration that defendant discriminated against Mr. Buran because of his disabilities in violation of 42 U.S.C. §§12112(a), 12132 and 12141-12189.

B. A declaration that defendant did not provide reasonable accommodation for Mr. Buran's disabilities in violation of 42 U.S.C. §§2112(b)(5)(A) and (B).

C. An order and judgment awarding damages for lost wages and benefits under 42 U.S.C. §§2000e-5(g).

D. An order and judgment for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses under 42 U.S.C. §1981a.(b)(3).

E. An order and judgment for punitive damages under 42 U.S.C. §§1981a.(b)(1) and 1981a.(b)(3).

F. An order and judgment for attorney's fees and costs under 42 U.S.C. §§2000e-5(k). and 1981a(a)(1), (a)(2) and (b) and 1988.

G. An order and judgment for other legal and equitable relief as determined by the court.

## DEMAND FOR JURY TRIAL

Mr. Buran hereby requests a jury trial on all causes of action and claims with respect to which he has a right to a jury trial. 42 U.S.C. §1981a.(c)(1).

Respectfully submitted this 5th day of June, 2015.

> PETERSON, JOHNSON & MURRAY, S.C.
> Attorneys for Plaintiff
>
> */s/ William F. Sulton*
> William F. Sulton
> State Bar No. 1070600
> 788 N Jefferson St Ste 500
> Milwaukee, WI 53202-3763
> Phone: 414-278-8800
> Fax: 414-278-0920
> Email: wsulton@pjmlaw.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on June 5, 2015, I served a true and correct copy of the above *Plaintiff's First Amended Complaint*, via the Court's CM/ECF System, to the below counsel of record for defendant.

Brian A. Price
Brian G. Nuedling
Craig T. Papka
Jackson Lewis P.C.
330 East Kilbourn Ave Ste 560
Milwaukee, WI  53202

           PETERSON, JOHNSON & MURRAY, S.C.
           Attorneys for Plaintiff

           */s/ William F. Sulton, Esq.*
           William F. Sulton, Esq.
           State Bar No. 1070600
           788 N Jefferson St Ste 500
           Milwaukee, WI  53202-3763
           Phone: 414-278-8800
           Fax: 414-278-0920
           Email: wsulton@pjmlaw.com