UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS P. BURAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CV-00456 |
| G4S SECURE SOLUTIONS (USA), INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION REQUESTS**

NOW COMES the Defendant, G4S Secure Solutions (USA) Inc. ("Defendant" or "G4S"), by and through its attorneys, Jackson Lewis P.C., by Brian A. Price, Esq., and hereby sets forth its objections, answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents.

**GENERAL OBJECTIONS**

All of Defendant's answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents are subject the following General Objections:

1. Defendant objects to all of Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to all of Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to the extent that they seek information or documents that are subject to the attorney-client privilege, which constitute trial preparation materials or attorney

work product, or are subject to other privileges or immunities and, accordingly, are outside the scope of discovery.

3. Defendant objects to all of Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to the extent that they seek confidential or proprietary business information and/or documents.

4. Defendant objects to all of Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to the extent that they seek to impose on Defendant obligations beyond those imposed by the Federal Rules of Civil Procedure.

5. Defendant objects to all of Plaintiff's First Set of Interrogatories and First Requests for Production of Documents to the extent that they seek information and/or documents about persons, entities, and/or subject matters that are unrelated to Plaintiff's claims or Defendant's defenses in this lawsuit.

6. The foregoing objections are incorporated into each of the answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents as set forth herein, and failure to repeat those objections in any portion of the answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents shall not be deemed a waiver thereof.

7. Defendant objects to Plaintiff's use of the terms "your" and "you" throughout his First Set of Interrogatories and Document Requests to Defendant because said terms are not defined. As a result of the lack of a definition for those terms, every Interrogatory and Document Production Request that uses those terms is vague and ambiguous.

8. While Defendant has responded to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents, it does so without waiver of its rights to object to any

2

further inquiry by Plaintiff or any effort by him to compel responses beyond those provided herein.

9. Inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Defendant's right to object to the use of any such information or documents during any subsequent proceeding in this action or otherwise.

Subject to and in accordance with the foregoing General Objections, Defendant responds to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents as follows:

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to each affirmative defense alleged in your answer, set forth each fact upon which you base the defense.

**ANSWER:** Objection. This Interrogatory is compound, vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks a legal conclusion. This Interrogatory impermissibly seeks a narration of all of the facts that support each of Defendant's affirmative defenses. To the extent this Interrogatory is not otherwise objectionable, it seeks the kind and degree of information that should be sought in depositions.

Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows:

3

Defendant's affirmative defenses are legal arguments, and the facts to support them are self-evident.

In addition, after advising G4S that physical problems would prevent him from continuing to work his present job, Plaintiff turned down G4S' offer of alternative employment, as well as the opportunity to take an unpaid medical leave of absence.

The events leading up to Plaintiff's separation from G4S are the following:

On or about July 24, 2013, Plaintiff spoke with Nickolas Bertrand ("Bertrand"), G4S Account Manager, and stated that he could no longer work his security job at a Chrysler facility in Milwaukee and needed time off. Plaintiff presented a physician's note which stated that Plaintiff had a diagnosis of Multiple Sclerosis and Syringomyelia. The note further stated that Plaintiff had "weakness and numbness" in his extremities, muscle cramping, and fatigue.

On or about July 26, 2013, Plaintiff spoke with Kelly Tebbs ("Tebbs"), Office Manager at the G4S Milwaukee office, and stated that he could no longer work at Chrysler because of a "progressive" medical condition that prevented him from sitting, standing or walking for any length of time and left him "winded" easily. Plaintiff stated that he could not work for more than two to three hours per day and could be available only on an intermittent basis when his condition "flared up." Ms. Tebbs advised Plaintiff that G4S did not have any positions at that time that would match the restrictions he described. The job duties of G4S security officers customarily include examining trucks at a gatehouse window and conducting two security patrols, or "tours," per shift. In the latter task, a security officer examines the interior and exterior of a client's plant on foot or by using an electric cart or bicycle.

As an alternative to his present job, Ms. Tebbs advised Plaintiff of an available driving position at Boston Store that primarily involved conducting a vehicle patrol of the store and parking lot. Since this is strictly a driving post, it is the easiest of the G4S security positions.

4

Plaintiff declined this job, stating that he could not sit for long periods and that the position "would not work for me," or words to that effect. Ms. Tebbs then advised Plaintiff that he would qualify for leave under the Family and Medical Leave Act. Plaintiff declined this proposal as well, stating that he could not afford unpaid leave because his family was not assisting him financially. Ms. Tebbs stated that G4S had no good options for Plaintiff if even a medical leave was not possible. Plaintiff replied that he could not go without pay and would rather see if he could obtain financial assistance through unemployment or a disability program. Plaintiff was then separated from G4S for personal reasons. He did not dispute or challenge anything that G4S had told him. Later, Plaintiff dropped off his uniforms and left the G4S office amicably. Investigation continues.

**INTERROGATORY NO. 2:** As to each fact identified in you [*sic*] answer to interrogatory number 1, identify each person who has knowledge relating to that fact.

**ANSWER:** Objection. This Interrogatory is compound, vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks a legal conclusion. This Interrogatory impermissibly seeks a narration of all of the facts known by each of the witnesses with knowledge that support each of Defendant's affirmative defenses. To the extent this Interrogatory is not otherwise objectionable, it seeks the kind and degree of information that should be sought in depositions.

Defendant further objects to this Interrogatory to the extent it seeks the residential address and telephone number, and business telephone number, of the following types of persons: (a) persons who supervise, direct or regularly consult with Defendant's counsel concerning the above-captioned matter; (b) persons who have the authority to obligate Defendant

5

with respect to the above-captioned matter; and/or (c) persons whose acts or omissions in connection with the above-captioned matter may be imputed to Defendant for the purposes of civil liability. Said persons cannot be contacted by Plaintiff or anyone acting on his behalf without the written consent of Defendant's counsel. Said persons are identified in Defendant's answers and responses with asterisks ("*****") behind their names, and can be contacted through Defendant's counsel.

Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows:

1. Mike Grabek*****, G4S Operations Manager, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, Defendant's efforts to find alternative employment for Plaintiff or make medical leave available to him, and Plaintiff's separation from G4S;

2. Nickolas Bertrand*****, G4S Account Manager, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, and Defendant's efforts to find alternative employment for him; and

3. Kelly Tebbs*****, Office Manager at the G4S Milwaukee Office, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, Defendant's efforts to find alternative employment for Plaintiff or make medical leave available to him, and Plaintiff's separation from G4S.

Investigation continues.

**INTERROGATORY NO. 3:** As to each fact identified in your answer to interrogatory number 1, identify each document you have relating to that fact.

**ANSWER:** Objection. This Interrogatory is compound, vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks a legal conclusion. This Interrogatory impermissibly seeks a narration regarding all of the documents which support each of Defendant's affirmative defenses. To the extent this Interrogatory is not otherwise objectionable, it seeks the kind and degree of information that should be sought by specific document production requests.

Subject to, and without waiving, said objections, and pursuant to FRCP 33(d), Defendant answers this Interrogatory by producing herewith the documents bearing Bates Nos. G4S000003, G4S0000007-000008, G4S000098, G4S000128-000129, G4S000147-000150, G4S000156-000157, G4S000160-000166, and G4S000208-000229. Investigation continues.

**INTERROGATORY NO. 4:** As to each denial pleaded in your answer, identify each person who has knowledge relating to that fact.

**ANSWER:** Objection. This Interrogatory is compound, vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks a legal conclusion. This Interrogatory impermissibly seeks a narration of all of the facts known by each of the witnesses with knowledge that support each of the denials in Defendant's answer. To the extent this Interrogatory is not otherwise objectionable, it seeks the kind and degree of information that should be sought in depositions.

Defendant further objects to this Interrogatory to the extent it seeks the residential address and telephone number, and business telephone number, of the following types of persons: (a) persons who supervise, direct or regularly consult with Defendant's counsel concerning the above-captioned matter; (b) persons who have the authority to obligate Defendant with respect to the above-captioned matter; and/or (c) persons whose acts or omissions in connection with the above-captioned matter may be imputed to Defendant for the purposes of civil liability. Said persons cannot be contacted by Plaintiff or anyone acting on his behalf without the written consent of Defendant's counsel. Said persons are identified in Defendant's answers and responses with asterisks ("*****") behind their names, and can be contacted through Defendant's counsel.

Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows:

Mike Grabek*****, G4S Operations Manager, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, Defendant's efforts to find alternative employment for Plaintiff or make medical leave available to him, and Plaintiff's separation from G4S;

Nickolas Bertrand*****, G4S Account Manager, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, and Defendant's efforts to find alternative employment for him; and

Kelly Tebbs*****, Office Manager at the G4S Milwaukee Office, who has knowledge of Plaintiff's employment with G4S, Plaintiff's communications with G4S in which Plaintiff stated that he could no longer work his security job at Chrysler, Defendant's efforts to find alternative

employment for Plaintiff or make medical leave available to him, and Plaintiff's separation from G4S.

Investigation continues.

**INTERROGATORY NO. 5:** As to each denial pleaded in your answer, identify each document you have relating to that fact.

**ANSWER:** Objection. This Interrogatory is compound, vague, ambiguous, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks a legal conclusion. This Interrogatory impermissibly seeks a narration regarding all of the documents which support each of the denials in Defendant's answer. To the extent this Interrogatory is not otherwise objectionable, it seeks the kind and degree of information that should be sought by specific document production requests.

Subject to, and without waiving, said objections, and pursuant to FRCP 33(d), Defendant answers this Interrogatory by producing herewith the documents bearing Bates Nos. G4S000003, G4S0000007-000008, G4S000098, G4S000128-000129, G4S000147-000150, G4S000156-000157, G4S000160-000166, and G4S000208-000229. Investigation continues.

**INTERROGATORY NO. 6:** State whether you performed any investigation(s) of plaintiff's allegations.

**ANSWER:** Objection. This Interrogatory is vague and ambiguous. In addition, Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 7:** If your answer to interrogatory number 6 was yes, please identify each person who participated in the investigation(s).

9

**ANSWER:** Objection. This interrogatory is vague and ambiguous. In addition, Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Interrogatory to the extent it seeks the residential address and telephone number, and business telephone number, of the following types of persons: (a) persons who supervise, direct or regularly consult with Defendant's counsel concerning the above-captioned matter; (b) persons who have the authority to obligate Defendant with respect to the above-captioned matter; and/or (c) persons whose acts or omissions in connection with the above-captioned matter may be imputed to Defendant for the purposes of civil liability. Said persons cannot be contacted by Plaintiff or anyone acting on his behalf without the written consent of Defendant's counsel. Said persons are identified in Defendant's answers and responses with asterisks ("*****") behind their names, and can be contacted through Defendant's counsel.

**INTERROGATORY NO. 8:** If your answer to interrogatory number 6 was yes, please identify each document you have relating to the investigation(s).

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, overly broad, and unduly burdensome. In addition, Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 9:** State whether, prior to plaintiff's termination, there existed any means to accommodate plaintiff's request that he not work overtime hours.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, seeks a legal conclusion and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows:

Plaintiff never requested an "accommodation" that he not be expected to work overtime. At the time of his separation, Plaintiff was a union member who was subject to Chrysler's volunteer, seniority-based overtime system. Had Plaintiff declined a Chrysler request that he

work overtime, G4S could have assigned the work to a different union or non-union employee. *See* National Agreement between G4S Secure Solutions (USA) Inc., and it Chrysler locations, appended herein and Bates numbered G4S000208-G4S000225.

**INTERROGATORY NO. 10:** As to your answer to interrogatory number 9, state each accommodation that you considered.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, seeks a legal conclusion and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows: see answer to Interrogatory No. 9.

**INTERROGATORY NO. 11:** As to your answers to interrogatory numbers 9 and 10, state why each such accommodation was not adopted.

**ANSWER:** Objection. Objection. This Interrogatory is vague, ambiguous, seeks a legal conclusion and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows: see answer to Interrogatory No. 9.

**INTERROGATORY NO. 12:** As to your answers interrogatory numbers 9, 10, and 11, identify each person who participated in the discussion(s) relating to plaintiff's request for accommodation.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, seeks a legal conclusion and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks the residential address and telephone number, and business telephone number, of the following types of persons: (a) persons who supervise, direct or regularly consult with Defendant's counsel concerning the above-captioned matter; (b) persons who have the authority to obligate Defendant with respect to the above-captioned matter; and/or (c) persons whose acts or omissions in connection with the above-captioned matter may be imputed to Defendant for the purposes of civil liability. Said

11

persons cannot be contacted by Plaintiff or anyone acting on his behalf without the written consent of Defendant's counsel. Said persons are identified in Defendant's answers and responses with asterisks ("*****") behind their names, and can be contacted through Defendant's counsel.

Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows: *See* Answer to Interrogatory No. 9.

**INTERROGATORY NO. 13:** As to your answers to interrogatory numbers 9, 10, 11, and 12, identify each document you have relating to your consideration of plaintiff's request for accommodation.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, seeks a legal conclusion and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, depending on how this request is interpreted, it seeks information regarding documents protected by the attorney-client privilege and/or the work product doctrine. Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows: *See* Answer to Interrogatory No. 9.

**INTERROGATORY NO. 14:** Do you contend that you did not terminate plaintiff's employment?

**ANSWER:** Objection. This Interrogatory is vague and ambiguous.

Subject to, and without waiving, said objections, , Defendant answers this Interrogatory as follows: *See* Answer to Interrogatory No. 1.

**INTERROGATORY NO. 15:** State whether during the last ten years you have been made aware of any claim that you discriminated against any employee on the basis of disability.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence.

12

In addition, depending on how this Interrogatory is interpreted, it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

**INTERROGATORY NO. 16**: If your answer to interrogatory number 15 was yes, identify each person who advanced the claim.

**ANSWER**: Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, depending on how this Interrogatory is interpreted, it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. In some cases, disclosure of the information sought by this Interrogatory may violate the privacy rights of third-parties.

**INTERROGATORY NO. 17**: If your answer to interrogatory number 15 was yes, identify each document you have relating to the claim.

**ANSWER**: Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. In some cases, disclosure of the information sought by this Interrogatory may violate the privacy rights of third-parties.

**INTERROGATORY NO. 18**: If your answer to interrogatory number 15 was yes, describe to disposition of each of the claims.

**ANSWER**: Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. In some cases, disclosure of the information sought by this Interrogatory may:

(1) violate the privacy rights of third-parties; and/or (2) violate the provisions of settlement agreements.

**INTERROGATORY NO. 19:** Identify all documents, electronically stored information and tangible things that you relied on in answering plaintiff's discovery requests.

**ANSWER:** Objection. This Interrogatory is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Subject to, and without waiving, said objections, Defendant answers this Interrogatory as follows:

Subject to, and without waiving, said objections, and pursuant to FRCP 33(d), Defendant answers this Interrogatory by producing herewith the documents bearing Bates Nos. G4S000003, G4S0000007-000008, G4S000098, G4S000128-000129, G4S000147-000150, G4S000156-000157, G4S000160-000166, and G4S000208-000229. Investigation continues.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents, electronically stored information and tangible things that you relied on in answering plaintiff's discovery requests.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

Subject to, and without waiving, said objections, Defendant answers this Request as follows:

*See* documents bearing Bates Nos. G4S000003, G4S0000007-000008, G4S000098, G4S000128-000129, G4S000147-000150, G4S000156-000157, G4S000160-000166, and G4S000208-000229. Investigation continues.

14

**REQUEST NO. 2:** Produce all documents, electronically stored information and tangible things relating to plaintiff.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

Subject to, and without waiving, said objections, Defendant responds to this Request as follows:

*See* documents bearing Bates Nos. G4S000001-G4S000207, previously produced with Defendant's Rule 26(a)(1) initial disclosures, and documents bearing Bates Nos. G4S000208-000229, produced herewith. Investigation continues.

**REQUEST NO. 3:** Produce all documents, electronically stored information and tangible things you identified in in response to interrogatory numbers 3, 5, 8, 13, 17 and 19.

**RESPONSE:** Objection. Respondent incorporates by reference herein all of its objections to Interrogatory No. 3, 5, 8, 13, 17 and 19. In addition, this Request is objectionable because it is vague, ambiguous, overly broad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine. In some cases, disclosure of the documents sought by this Request may: (1) violate the privacy rights of third-parties; and/or (2) violate the provisions of settlement agreements.

Dated this 27th day of October, 2014.

                                            **AS TO ALL OBJECTIONS AND RESPONSES TO DOCUMENT PRODUCTION REQUESTS**

                                            **JACKSON LEWIS P.C.**

By: _____
Brian A. Price, Esq. (SBN 1000862)
JACKSON LEWIS P.C.
330 E. Kilbourn Avenue, Suite 560
Milwaukee, WI 53202
Telephone: (414) 944-8900
Facsimile: (414) 944-8901
Email: brian.price@jacksonlewis.com

**ATTORNEYS FOR THE DEFENDANT,
G4S SECURE SOLUTIONS (USA) INC.**

4811-0291-2031, v. 3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Respondent's Objections, Answers and Responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents, including documents Bates numbered G4S000003, G4S0000007-000008, G4S000098, G4S000128-000129, G4S000147-000150, G4S000156-000157, G4S000160-000166, was served upon the following via email delivery and U.S. Mail, postage prepaid, on this 27th day of October, 2014, addressed as follows:

William F. Sulton, Esq.
Peterson, Johnson & Murray, S.C.
788 N. Jefferson Street, Suite 500
Milwaukee, WI 53202
(*Via email (wsulton@pmjlaw.com) and U.S. Mail*)

JACKSON LEWIS P.C.

By: _____
Kathleen Felinski
JACKSON LEWIS P.C.
330 E. Kilbourn Ave., Suite 560
Milwaukee, WI 53202
Telephone: (414) 944-8900
Facsimile: (414) 944-8901

SUBSCRIBED and SWORN to before me
this 27th day of October, 2014.

_____
Notary Public in and for the
State of Wisconsin.
My Commission expires _____

4834-1530-3200, v. 1